## STATE COURT OF APPEALS, Continued

### No. 715
MICHIGAN AUTO. INS. CO. v. KARR

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5508. Decided March 16, 1925

647. INSURANCE—Where duplication of, is prohibited by terms in policy, subsequent insurer without knowledge of prior insurance, has better reasoning and general authority in its favor.

SULLIVAN, J.

J. U. Karr had issued to him a policy by the Michigan Automobile Insurance Co. wherein one of the terms was that if the insured had any other insurance covering against the risk assumed, without its consent, the insurance shall be null and void. The policy of the above company was issued Nov. 2, 1921 and was to continue for one year therefrom.

The Bankers & Shippers Insurance Co. issued a policy to Karr on Nov. 26, 1920 which was to run a year from that date and it contained a provision similar to the one contained in the policy of the Michigan Co. The property insured was a Paige automobile which was destroyed by fire Nov. 19, 1921; twelve days after the issuing of the policy by the Michigan Insurance Co. and within seven days of the expiration of the policy issued by the Bankers & Shippers Insurance Co.

In order to test its validity, Karr commenced a suit in the Municipal Court of Cleveland to recover for his loss under the policy issued by the Bankers & Shippers Insurance Co.; and a judgment was rendered in favor of the Insurance Co. on the ground that under the clause in the policy as to duplication of insurance at the time of loss, no recovery could be had and the court of appeals affirmed such judgment.

In the present case, an action was brought by Karr against the Michigan Automobile Insurance Co. in the Cuyahoga Common Pleas judgment there being rendered in favor of Karr. Error was prosecuted and the Court of Appeals held:

1. The Michigan Insurance Co. had no knowledge of the prior insurance, and thus in the nature of the case could not have assented by endorsement or otherwise to the duplication of the insurance.

2. Greater weight of authority is against the prior policy and in favor of the subsequent policy, because of the unchallenged validity of the prior policy until within seven days of its expiration, at which time, without any knowledge on part of the subsequent insurer, a second policy was issued without any attempt to acquaint the company issuing second policy with the fact of prior insurance.

3. Unless evidence tended to show that the Paige Automobile Company was a solicitor for the Michigan Insurance Co., it could not be said that there was any authority on part of the Automobile Co. to represent the Insurance Co. by soliciting insurance or acting as its agent.

Judgment reversed and awarded to Insurance Co. on the ground that judgment of lower court is contrary to law.

Attorneys—Paul Howland for Insurance Co.; Holding, Masten, Duncan & Leckie for Karr; all of Cleveland.